6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  UNITED STATES OF AMERICA,

9               Plaintiff,

10      v.

11 DOROND ALFRED BRAY,

12              Defendant.

Case No. CR10-349-JLR

**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE**

13 **INTRODUCTION**

14 I conducted a hearing on alleged violations of supervised release in this case on March 19,

15 2012. The defendant appeared pursuant to a warrant issued in this case. The United States was

16 represented by Francis Franze-Nakamura, and defendant was represented by Kyana Stephens. A

17 probation officer was not present at the hearing. The proceedings were digitally recorded.

18 **SENTENCE AND PRIOR ACTION**

19 Defendant was originally sentenced on February 7, 2012, by the Honorable Edward F. Shea,

20 United States District Judge, Eastern District of Washington for Carrying a Firearm During and

21 in Relation to a Crime of Violence, Armed Bank Robbery, and Armed Credit Union Robbery.

22 He received 120 months of detention and 5 years of supervised release. On November 22, 2010,

23 jurisdiction of this case was transferred from the Eastern District of Washington to the Western

District of Washington.

On August 18, 2011, the Court approved the issuance of a warrant which alleged that the defendant had violated his conditions of supervision by failing to report for drug testing, use of a controlled substance, failing to notify the probation officer of any contact with law enforcement, committing the crime of assault, failing to submit monthly reports, and failing to report as instructed.

On September 16, 2011, the Court revoked Mr. Bray's supervised release and sentenced him to 4 months custody to be followed by 4 years supervised release. Mr. Bray is subject to the standard conditions of supervision in addition to the added special conditions which require him to participate in a substance abuse treatment program which may include testing, submit to a search participate in a mental health treatment program, register as required under the Sex Offender Registration and Notification Act, participate in a sexual deviancy evaluation, participate in sexual deviancy treatment if directed by a treatment provide, follow all lifestyle rules, residence shall be pre-approved, pay restitution in the amount $11, 701,01, provide his probation officer with access to any financial information, shall not associate with any known gang members, and reside in a residential reentry center for up to 120 days.

## PRESENTLY ALLEGED VIOLATIONS

In an initial petition dated February 15, 2012, Senior U.S. Probation Officer Steven R. Gregoryk alleged that defendant violated the following conditions of supervised release:

1. Failure to participate in a residential reentry center for a period of 120 days, in violation of the special condition of supervision which requires the defendant to participate.

In a Supplemental Violation Report dated March 13, 2012, Senior U.S. Probation Officer Steven R. Gregoryk alleged that defendant violated the following conditions of supervised

release:

2. Failure to maintain sex offender registration pursuant to the Sex Offender Registration Act ("SORNA") and the Washington State Registration Requirements, R.C.W. § 9A.44.130, all pursuant to the condition which requires the defendant to comply with the requirements of registration.

## FINDINGS FOLLOWING EVIDENTIARY HEARING

The Government dismissed Violation 2. Defendant admitted to Violation 1, waived any hearing as to whether it occurred, and was informed the matter would be set for a disposition hearing on April 2, 2012 at 11:00 a.m. before District Judge James L. Robart.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 19th day of March, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge